**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DWAYNE JAY NORTON,

           Plaintiff,

vs.                                              Case No.  3:06-cv-443-J-32MMH

GERALD F. MURRAY;
PATRICIA HAWKINS;
A. GEORGE LOWE,

           Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff Dwayne Jay Norton's Petition for Writ of Mandamus (Dkt. No. 1; Petition) and Affidavit of Indigency (Dkt. No. 2; Affidavit), which the Court construes as a motion to proceed in forma pauperis.

**I.   Background Facts**

Plaintiff, an inmate of the Florida penal system, was apparently involved in a dispute with the Social Security Administration concerning his eligibility for disability benefits. See generally Petition.  In fact, Plaintiff previously filed a complaint against the Defendants seeking damages and injunctive relief, which this Court dismissed with prejudice pursuant to 28 U.S.C. § 1915(g). See 3:06-cv-87-HES-MMH, Mandatory and Preliminary Injunction (Dkt. 1; Previous Complaint); Order (Dkt. 5; Order).

---

[1] Specific written objections must be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

Although Plaintiff's Petition is virtually incomprehensible, the undersigned has been able to gather some facts regarding Plaintiff's administrative law proceedings after reviewing the Petition and the Previous Complaint. On June 17, 2004, Defendant Gerald Murray, an Administrative Law Judge, rendered an unfavorable decision regarding a claim for disability benefits filed by Plaintiff. See Petition at 2; Previous Complaint at Exhs. A, F. Shortly thereafter, Plaintiff's attorney in the social security matter, Michael A. Steinberg, notified Plaintiff that he had filed a request for review with the Appeals Council after determining that Defendant Murray's decision contained several errors of law. See Petition at Exh. A. In particular, Plaintiff's social security attorney asserted that Defendant Murray had committed reversible error by relying on Plaintiff's prison medical records, which Defendant Murray had apparently obtained after the disability hearing, without providing Plaintiff's attorney with a copy of the records and an opportunity to respond. See id. Plaintiff's attorney stated that he would ask the Appeals Council to send him the medical records that Defendant Murray referenced in his decision, and he promised to forward a copy of the records to Plaintiff. See id.

On September 13, 2005, Defendant A. George Lowe, an Administrative Appeals Judge with the Social Security Administration, issued an order vacating Defendant Murray's decision and remanding Plaintiff's case to Defendant Murray for further proceedings. See Previous Complaint at Exh. A. In that order, Defendant Lowe found that Defendant Murray had erred by (1) failing to articulate whether Plaintiff had any work-related limitations stemming from his moderate limitation in social functioning and (2) not obtaining evidence from a vocational expert regarding the effect that Plaintiff's medically determinable

impairments had on his occupational base. See Petition at 2; Previous Complaint at Exhs. A, B. Accordingly, Defendant Lowe stated that Defendant Murray would "offer [Norton] an opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." Id. (emphasis added).

Following the Appeals Council decision, in an October 3, 2005, letter, Defendant Hawkins, a group supervisor with the Social Security Administration, informed Plaintiff that, although he was not entitled to receive Social Security disability benefits while he was incarcerated, he was entitled to a disability hearing. Previous Complaint at Exh. D. Defendant Hawkins, however, informed Plaintiff that, because "the logistics of arranging a hearing at [Plaintiff's prison] would result in delay," Plaintiff had the following options in regards to the adjudication of his claim: (1) Plaintiff could waive his right to a hearing and have the case decided on the record, which would include any additional evidence that Plaintiff submitted; (2) Plaintiff could waive his right to a hearing and have his representative appear on his behalf at the hearing; or (3) Plaintiff could participate in a telephone hearing. Id. Defendant Hawkins notified Plaintiff of the steps that he needed to take depending on which option he chose. See id. For example, Defendant Hawkins notified Plaintiff that, if he wished to waive his right to a hearing by pursuing either options 1 or 2, he needed to indicate this desire, in writing, on an attached form that was labeled "page 2." See id. Plaintiff attached to the Previous Complaint an exhibit that appears to be the "page 2" referenced by Defendant Hawkins, although this exhibit does not immediately follow Defendant Hawkin's letter in Plaintiff's submission. See Exh. H. Page 2 is a preprinted form from the Social Security Administration labeled "Your Right to

Personal Appearance Before an Administrative Law Judge." See id. This form, inter alia, allows a Social Security claimant to express his or her desire to waive his or her right to a Social Security hearing and explain the reason why he or she does not want to appear in person at the hearing. See id. In the space where a Social Security claimant is supposed to explain why he or she does not want to appear in person at his or her hearing, Plaintiff wrote that he would like to appear in person to present evidence. See id. Plaintiff, however, did not sign this form. See id.

In the Previous Complaint, which was filed on January 30, 2006, Plaintiff asked the Court to compel Defendants to (1) provide full discovery and (2) issue a vocational expert to render specific findings. Id. at 3. Plaintiff also asked the Court to order (1) Defendant Murray to rule on the merits of his case and (2) Defendant Hawkins to set a date for his hearing at Florida State Prison. Id. Finally, Plaintiff asked the Court to issue a show cause order and to enjoin Defendants from any and all illegal practices in the future. Id. Upon review of Plaintiff's Previous Complaint, the Honorable Harvey E. Schlesinger found that the Complaint was statutorily barred by § 1915(g) of the Prison Litigation Reform Act (PLRA) and dismissed it with prejudice. See Order.

### II.    Plaintiff's Petition

In the instant Petition, Plaintiff argues that his Petition is the proper mechanism to compel the Defendants to perform their legal duties as officials with the Social Security Administration by assisting him in obtaining his social security benefits. Petition at 3. Plaintiff alleges that Defendant Murray erred by denying his social security claims, using illegal judicial procedures, failing to send him his prison medical records, and denying him

notice of a hearing within 90 days of his case being remanded. Id. at 2-3. He also alleges that Defendant Hawkins has refused to set a date for his hearing or provide him with any "notice or any action." Id. at 3. Accordingly, Plaintiff asks the Court to order Defendants to set a date for his hearing and issue a vocational expert to render findings in accordance with Defendant Lowe's order. Id. Additionally, Plaintiff asks the Court to order (1) Defendant Murray to rule on the merits of his case and (2) Defendant Hawkins to give him a hearing in prison and send him all of his prison medical records from 1997 to 2000. Id. at 3. Plaintiff also asks the Court to enjoin Defendants from "all illegal practice" in the future. Id. Finally, Plaintiff asks the Court for remedies in the event that Defendants fail to respond within 30 days of the Court's order. Id. at 4.

### III.   Applicable Law

Pursuant to Rule 81(b) of the Federal Rules of Civil Procedure, writs of mandamus have been abolished in federal practice. See Fed.R.Civ.P. 81(b); Norton v. Rathmann, No. 3:06CV472J-32MCR, 2006 WL 1517146, at *1 (M.D. Fla. May 24, 2006). However, an action in the nature of mandamus to compel a United States officer or employee to perform a duty owed to a Plaintiff is within the jurisdiction of the United States district courts pursuant to 28 U.S.C. § 1361. See 28 U.S.C. § 1361; Norton at *1.

A prisoner seeking to proceed in forma pauperis in a civil action against an officer or employee of a governmental entity must comply with the requirements of the Prison Litigation Reform Act (PLRA). See Townsend v. Vazquez, No. Civ.A. C206-065, 2006 WL 1431443, at * 1 (S.D. Ga. May 24, 2006); 28 U.S.C. § 1915. An action brought pursuant

to 28 U.S.C. § 1361 is a "civil action" for purposes of the PLRA.[2] See Martin v. Grimshaw, No. 98-4382, 1999 WL 1021705, at *1 (6th Cir. Nov. 2, 1999); see also Lepiscopo v. Social Security Administration, No. Civ.A. 05-1628 (MLC), 2005 WL 1863609, at *1 (D.N.J. Aug. 3, 2005) (applying the PLRA to a § 1361 action); Lugo v. INS, 950 F.Supp. 743, 745-46 (E.D. Va. 1997) (cautioning Plaintiff that the dismissal of his § 1361 action for failure to state a claim upon which relief can be granted counted as an applicable dismissal for purposes of § 1915(g) of the PLRA).

Pursuant to the PLRA, a prisoner seeking to bring a civil action in forma pauperis must file an (1) affidavit declaring that he or she "is unable to pay such fees or give security therefor" and (2) a certified copy of his or her trust fund account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(1), (2). The prisoner is also required to pay the full amount of the requisite filing fee. Id. § 1915(b)(1). If the prisoner lacks the necessary funds to pay the entire filing fee and has money available to him or her, the court shall assess and collect an initial partial filing fee. Id.

---

[2] Circuit Courts are split as to whether the PLRA applies to a request to a court of appeals for a writ of mandamus pursuant to 28 U.S.C. § 1651(a). While the Tenth Circuit, has held that mandamus petitions are automatically governed by the PLRA, see Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996), the Second, Third, Fifth, Seventh, and Eighth Circuits have held that whether a mandamus petition is governed by the PLRA depends on the nature of the underlying action, see In re Nagy, 89 F.3d 115, 116 (2d Cir. 1996); Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996); In re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997); Martin v. United States, 96 F.3d 853, 854 (7th Cir. 1996); In re Tyler, 110 F.3d 528, 529 (8th Cir. 1997). The Eleventh Circuit has not addressed this issue. The undersigned finds that, if the analysis from the Second, Third, Fifth, Seventh, and Eighth Circuits was applied to the instant case, Plaintiff's Petition would constitute a "civil action" for purposes of the PLRA because Plaintiff's Petition is essentially a civil rights action, alleging an access to the courts claim under 42 U.S.C. § 1983.

However, if the prisoner has no means by which to pay the initial partial filing fee, he or she cannot be prohibited from bringing the civil action. Id. § 1915(b)(4).

Additionally, before a prisoner is permitted to proceed in forma pauperis, the Court is obligated under the PLRA to review the complaint to determine whether it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). If the complaint is deficient, the court is required to dismiss the suit sua sponte. Id. Finally, the PLRA also provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### IV.   Discussion

In accordance with 28 U.S.C. § 1915(a)(1) and (2), Plaintiff has filed an Affidavit declaring that he is unable to make prepayment of fees or give security. See Affidavit at 1, 7-9. Although Plaintiff has also filed a copy of his trust fund account statement for the six-month period immediately preceding the filing of the Petition, he failed to have the copy certified by an official from the prison where he is confined, as required by 28 U.S.C. § 1915(a)(2). See Affidavit at 6. While Plaintiff has also failed to pay the full amount of the requisite filing fee, as required by § 1915(b)(1), he appears to lack the necessary funds to pay even a partial filing fee and a prisoner will not be prohibited from bringing a civil action

by virtue of the fact that he has no means by which to pay the initial filing fee.  See Docket at Entry 1; Affidavit at 7-9; 28 U.S.C. § 1915(b)(4).  Accordingly, Plaintiff's action will not be dismissed on account of his failure to pay the filing fee.

The undersigned, however, takes judicial notice of actions brought by Plaintiff in the Tampa Division of this Court that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) Norton v. Kirkwood, et al., 8:00-cv-116-T-24A (M.D. Fla. Jan. 31, 2000) (order dismissing 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted); (2) Norton v. Horton, et al., 8:00-cv-1819-T-17F (M.D. Fla. Oct. 12, 2000) (order dismissing § 1983 complaint for failure to state a claim upon which relief may be granted) (3) Norton v. Singletary, et al., 8:00-cv-1205-T-27A (M.D. Fla. July 11, 2000) (order dismissing § 1983 complaint for failure to state a claim upon which relief may be granted); and (4) Norton v. Politano, et al., 8:05-cv-2176-T-24EAJ (M.D. Fla. Dec. 1, 2005) (order dismissing § 1983 complaint as frivolous).[3]  Additionally, two cases have been dismissed in the Jacksonville Division based, in part, on their frivolous nature.  See Norton v. Schlesinger, 3:06-cv-63-J-32MMH (M.D. Fla. Jan. 25, 2006) (order dismissing Plaintiff's complaint seeking damages and injunctive relief); Norton v. Lowe, et al., 3:06-cv-87-J-20MMH (M.D. Fla. Feb. 3, 2006) (order dismissing Plaintiff's complaint seeking damages and injunctive relief).  Accordingly,

---

[3] The Court notes that in three of the Tampa cases, Plaintiff used the name "Dwayne K. Norton."  See (1) 8:00-cv-116-T-24A; (2) 8:00-cv-1819-T-17F; (3) 8:00-cv-1205-T-27A. A review of the website maintained by the Florida Department of Corrections reveals that "Dwayne K. Norton" is an alias used by Plaintiff.  See www.dc.state.fl.us/ActiveInmates.  In addition, in at least one of the "Dwayne K. Norton" complaints, Plaintiff uses the same prison address and prisoner identification number (494397) as he utilizes in his "Dwayne Jay Norton" filings.

because Plaintiff has had three or more qualifying dismissals[4] and he has not alleged that he is under imminent danger of serious physical injury, the undersigned finds that the Motion to Proceed In Forma Pauperis should be denied, and the Petition should be dismissed.

Additionally, the undersigned finds that the Petition should also be dismissed on res judicata grounds. An action is barred by prior litigation if all of the following elements are present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). From the record, it is clear that all of the elements have been met. First, the district court's dismissal of the Previous Complaint with prejudice constitutes a final judgment on the merits. See 3:06-cv-87-HES-MMH, Order; see also Kaspar Wire Works, Inc. v. Leco Eng'g and Mach., Inc., 575 F.2d 530, 534 (5th Cir. 1978) (holding that "a dismissal with prejudice . . . normally constitutes a final judgment on the merits" for purposes of res judicata).[5] Second, the district court was a court of competent jurisdiction. Third, the parties to both actions are identical. See Previous Complaint at 1; Petition at 1. Fourth, the same cause of action is involved in both cases. Although Plaintiff labeled his Previous Complaint as a request for

---

[4] Even if the Court relies only on dismissals of cases filed in the name of Dwayne Jay Norton, Plaintiff has amassed the requisite number to warrant dismissal of the instant Petition. See Case No. 8:06-cv-2176-T-24-EAJ, Doc. No. 4; Case No. 3:06-cv-63-J-32MMH, Doc. No. 2; Case No. 3:06-cv-87-J-20MMH, Doc. No. 5.

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

injunctive relief and his Petition as a request for a writ of mandamus, see id., Plaintiff asks the Court, in both the Previous Complaint and the Petition, to order: (1) Defendants to provide full discovery, issue a vocational expert, and set a date for his hearing; (2) Defendant Murray to rule on the merits of his case; and (3) Defendant Hawkins to give him a hearing in prison, see Previous Complaint at 3; Petition at 3. Additionally, in both cases, Plaintiff also asks the Court to enjoin Defendants from all other illegal practices. See id. In light of the foregoing, Plaintiff's Petition is due to be dismissed.

## **RECOMMENDATION**

Accordingly, it is recommended that the Motion to Proceed In Forma Pauperis (Dkt. No. 2) be **DENIED**, and the Petition (Dkt. No. 1) be **DISMISSED**.

**ENTERED** at Jacksonville, Florida, this 15th day of June, 2006.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States Magistrate Judge

lc3

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

Pro Se Parties